OPINION
Defendant-Appellant, Robert Wood, brings this appeal pro se from the judgment of the Court of Common Pleas, Defiance County revoking his Community Control Sanctions and re-imposing the balance of a three-year prison sentence.
The record presents the following limited facts. In May, 1999 the defendant-appellant Robert Wood (Wood) was arrested for his involvement in an assault. He was released on his own recognizance but then failed to show up at his court date. Wood was charged with one count of Failure to Appear, a violation of R.C. 2937.29, for which he later entered a No Contest plea. In a separate action, Wood was charged with Aggravated Assault, a felony of the fourth degree, in violation of R.C. 2903.12.
This court does not have now before it the record of any proceedings on the aforementioned assault charge. However, we do know that on August 3, 1999 the trial court found him guilty of the assault. On September 22, 1999, in a joint Judgment Entry, the Defiance County Court of Common Plea sentenced Wood to twelve months incarceration for aggravated assault and to two years for one count of failure to appear for a total of three years to be served consecutively.
On February 24th, 2000 after serving just over year, Wood filed a motion for judicial release. On April 4, 2000 the motion came before the trial court on hearing and was granted. Wood was released from prison and placed on community control for a period of four years under the standard terms and conditions plus the following special conditions:
 1. The defendant shall enter no bars or taverns; the defendant shall consume no alcohol.
2. The defendant shall have no contact with the victim
 3. The defendant shall pay restitution as directed by his Supervising Officer.
 On January 31, 2001 the Defiance County Prosecutor's Office filed a motion to revoke Wood's community control. According to the State, Wood violated the conditions of his community control when he was charged with corruption of a minor in Paulding County on January 16, 2001. Furthermore the State presented allegations that Wood had violated his curfew on two occasions, had been seen in a bar, and had consumed alcohol.
The cause came to a hearing on February 21, 2001. Wood was represented by counsel. The transcript of that proceeding is not now before this court. In a Judgment Entry dated February 23, 2001 the trial court revoked Wood's community control finding that he had indeed violated the terms of his release. The court then made a finding that Wood was not amenable to an available community control sanction, was previously subject to numerous sanctions, had served a prior prison term, committed a new criminal offense while on supervision, and was a danger to the community. The trial court ordered that the balance of Wood's previous sentence be reimposed. It is from this judgment that the appellant now appeals.
Appellant raises the following assignments of error on appeal:
 Trial Court abused its discretion by committing plain error in violation of R.C. 2929.14(C).
 Trial Court abused its discretion by failure to apply R.C. 2929.19 in sentencing the defendant-appellant.
 The appellant's assignments of error both pertain to the merits of the trial court's judgment entry of September 24, 1999 sentencing him to a total of three years in prison. Wood argues that the trial court imposed an incorrect sentence since when he missed his court date it was not the worst form of the offense.
The appellant, appearing on appeal pro se, fails to raise a timely argument. The merits of the original sentence are not now before this court and we cannot consider them. Rather, the judgment entry of February 23, 2001 revoking the Appellant's community control is at issue here. The appellant does not now raise any error as to revocation of his community control. Therefore, both assignments error are overruled as untimely.
For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Defiance County, is affirmed.
Judgment affirmed.
WALTERS, P.J., and HADLEY, J., concur.